Case 4:10-cv-00139-A Document 6 Filed 04/15/10 Page 1 of 6 PageID 24

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 15 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SEAN FAUBION | § § | |
| VS. | § § § § | NO. 4:10-CV-139-A (NO. 4:08-CR-147-A) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Sean Faubion, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On November 14, 2008, movant pleaded guilty to one count of maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1). The court on February 27, 2009, sentenced movant to a term of imprisonment of ninety-seven months, followed by a three-year term of supervised release. On December 7, 2009, the Fifth Circuit affirmed movant's conviction and sentence. United States v. Faubion, 2009 WL 4572866 (5th Cir. Dec. 7, 2009). Movant timely filed the instant motion.

II.

Grounds of the Motion

Movant claims he is entitled to relief for violation of his Sixth Amendment right to effective assistance of counsel because

(1) due to counsel's bad advice he was not awarded a reduction for acceptance of responsibility and counsel failed to object to the denial at trial or on appeal, and (2) counsel told him he would receive a "safety-valve" reduction if he debriefed with government agents but he never received the reduction.

As to the factual basis for his first ground, movant contends his attorney advised him not to talk about things that were in his discovery, and that he was unaware of what was in his discovery, resulting in the probation officer refusing to credit him with acceptance of responsibility. Movant contends his counsel never argued in favor of the acceptance of responsibility at sentencing or on appeal.

As to the factual basis for his second ground, movant contends his counsel told him he would receive a two-point "safety-valve" reduction if he debriefed with Drug Enforcement Administration agents, but he never received the reduction.

### III.

### Treatment of § 2255

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. "A court need not address

2

both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). Prejudice in the context of a guilty plea requires movant to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

IV.

None of the Grounds Has Merit

A.   Ground One

Movant's contentions are conclusory, as he fails to identify the information in his discovery which allegedly led to the denial of acceptance of responsibility and which he would have discussed absent counsel's ineffective assistance. Conclusory assertions cannot sustain a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Further, movant's assertions concerning his acceptance of responsibility are contradicted by the record. The probation officer recommended denial of acceptance of responsibility due to

statements by movant that contravened statements of codefendants and witnesses, and because he "frivolously" contested relevant conduct.

Movant's counsel objected to the denial of acceptance of responsibility. In an order signed February 23, 2009, the court stated its tentative conclusion that all of movant's objections to the presentence report were without merit. Nonetheless, movant's counsel maintained those objections at sentencing, and called two witnesses, in addition to cross-examining the government's witness, to refute the factual allegations relied on by the probation officer in the presentence report. The court ultimately found the information in the presentence report to be reliable and overruled counsel's objections. Sentencing Tr. at 69-71. That counsel's objections were unsuccessful does not constitute ineffective assistance of counsel. Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

Movant also complains that counsel failed to raise this issue on appeal. Movant must prove that, but for counsel's ineffective assistance, there is a reasonable probability he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000). Counsel is not required to raise every non-frivolous argument on appeal, and movant has not alleged, much less shown, that there is any probability he would have prevailed on this point on appeal. See U.S. v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004).

B.  Ground Two

The presentence report reflects that movant was denied a "safety valve" reduction because he failed to truthfully provide to the government all information he had concerning his offense, as required by U.S. Sentencing Guidelines Manual § 5C1.2(a)(5). Movant's counsel objected to the probation officer's recommendation concerning the safety valve reduction, but the court concluded the objections were without merit. As stated previously, that counsel's objection was unsuccessful does not render his assistance ineffective. Youngblood, 696 F.2d at 410. Id. Movant has failed to show, as to either of his claims for relief, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

V.

ORDER

Therefore,

For the reasons discussed above,

The court ORDERS that the motion of Sean Faubion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

5

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 15, 2010.

_____
JOHN McBRYDE
United States District Judge